The right of relatrix to participate in the State Insurance Fund was established in the Court of Common Pleas of Ross county. Her status as a total dependent was fixed by the Industrial Commission.
Section 1465-82, General Code, as now in force, is *Page 64 
controlling in the disposition of this case. The pertinent part states:
"* * * In cases in which * * * disability on account of the injury has been continuous to the time of the death of the injured person and the death is the result of such original injury, the benefits shall be in the amount and to the persons following: * * *
"2. If there are wholly dependent persons at the time of the death, the payment shall be sixty-six and two-thirds per cent of the average weekly wages, not to exceed eighteen dollars and seventy-five cents per week in any case, and to continue for the remainder of the period between the date of the death and eight years after the date of the injury, and not to amount to less than a minimum of two thousand dollars or more than a maximum of six thousand five hundred dollars, including the compensation paid to the deceased employee prior to death and benefits paid to the beneficiaries after death."
Relatrix maintains that according to the plain terms of the quoted subdivision, when one is a total dependent and neither the decedent nor his beneficiaries have been paid anything by way of compensation or benefits (which is the situation in her case), such dependent is entitled to receive the sum of $2,000 as a minimum, and that the Industrial Commission in these circumstances is under the mandatory duty of awarding such amount.
On the other hand, as set forth in its brief, "The respondent contends that the said section [1465-82] contemplates payment of awards under two classifications, one classification coming under Section 1465-81, General Code, the other under the section above quoted. * * *
"The one reasonable interpretation of the law is that the legislators presumed that the decedent would have drawn compensation before the granting of a death award to a dependent; that, during that time, *Page 65 
he may have drawn Two thousand ($2,000) Dollars or more, in which case, had his benefits amounted to Sixty-five hundred ($6,500) Dollars, no death award could be made, or that until the expiration of eight years from the time of his injury, payments not to exceed 66 2/3 per cent of the average weekly wage, not to exceed $18.75 per week, would amount to at least Two Thousand ($2,000) Dollars.
"Respondent contends that the case of workmen who came within the wage earning class whose payments would not amount to Two thousand ($2,000) in eight year's time, is distinguished from that of the one whose payments would amount to such a sum."
Taking into consideration both the position of the relatrix and the plain language of the quoted statute itself, we find no merit in the respondent's argument. As we read the statute, in the light of the facts in this case, relatrix is entitled to an award of $2,000, and no other result can be logically reached.
The writ will therefore be allowed.
Writ allowed.
WEYGANDT, C.J., MATTHIAS, DAY, WILLIAMS, MYERS and GORMAN, JJ., concur.